FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   05 JUL 12 PM 1:56
Ft. Myers DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

RICHARD BOTELHO JR.

    Plaintiff

2:05-CV-332-FtM-33DNF

v.

MIKE JOHANNS, SECRETARY,
U.S. DEPARTMENT OF AGRICULTURE,
ANIMAL AND PLANT HEALTH
INSPECTION SERVICE

    Defendant

1) The Plaintiff Richard Botelho Jr, PO BOX 151549, Cape Coral, FL 33915.

2) The Defendant Elizabeth Goldentyer DVM, Eastern Regional Director. USDA, APHIS, Animal Care, 920 Main Campus Drive, Suite 200, Raleigh, NC 27606.

The Defendant Carter-Corker DVM, Assistant Regional Director. USDA, APHIS, Animal Care, 920 Main Campus Drive, Suite 200, Raleigh, NC 27606.

The Defendant Gregory Gaj DVM, Supervisor, PO BOX 86748, St. Pete FL 33738.

The Defendant Mike Johanns, Secretary, USDA, c/o Farook Sait, Esq. Acting Chief, Employment Adjudication Division 300 7th Street, SW, Room 541, Washington, DC 20024.

The Defendant Chester Gipson DVM, Deputy Administrator, APHIS, 4700 River Road, Unit 97, Riverdale, MD 29737.

3) This employment discrimination action is brought pursuant to Title VII of the Civil Right Act of 1964 as amended. Jurisdiction is specifically conferred on this Court by 42 U.S.C. 2000e-5. Equitable and other relief is sought under 42 U.S.C. 2000e5(g).

F6707 $250

4) The acts complained of in this suit concern:

a) On March 23, 2002, I was sent an e-mail by supervisor Dr. Gaj requesting weekly itineraries due to allegedly receiving more complaints from the public (licensees) than other inspectors. On April 12, 2002, I discovered that Dr. Goldentyer failed to follow the complaint policy during a visit to Dr. Millers facility during a January 23, 2002 refusal interference inspection. On April 23, 2002, I filed a discrimination complaint with EEOC against Dr. Goldentyer and Dr. Gaj due to my race and gender. No other female inspectors to include an African American with similar quantity of complaints or more had ever been required to file weekly itineraries. Dr. Goldentyer sided with a female licensee Janie Moon instead of me during a refusal inspection because of my race and gender and other similarly situated female inspectors had been treated better than I under similar circumstances.

b) On May 2, 2002, Dr. Gaj stated at the national meeting in St. Louis that I was sending in weekly itineraries because I was being evaluated under the "Inspectors Review Program," not because of the alleged complaints that USDA had received against me. Dr. Gaj also stated I was conducting too many inspections in comparison to other inspectors. Since Dr. Gipson, Dr. Goldenteyr, and Dr. Gaj refused reply to my written concerns of safety during inspections and retaliation, I filed a retaliation complaint with EEOC on April 23, 2002.

c) On June 14, 2002, I received a letter from Dr. Gaj making allegations of inappropriate conduct during inspections. The letter threatened discipline and possible removal from federal service. On June 18, 2002, I filed another EEO complaint due to the continuous retaliation from previous EEO complaints filed. No similarly situated female inspectors with any prior EEO activity, who had similar public complaints, such as Sylvia Taylor DVM, had such threatening letters given to her.

d) On June 27, 2002, I found out by Dr. Gaj that I was being investigated by RMSES for inappropriate conduct requested by Dr. Goldentyer. I filed another EEO on July 2, 2002 due to retaliation for filing previous EEO's.

e) On August 5, 2002, Dr. Gaj and Dr. Goldentyer denied my promotion and payment to install government telephone lines at my home office. To this day I have not received my promotion from GS-7 to GS-9. I have received all successful evaluations. No other female inspector with no prior EEO activity and conducted far fewer inspections have not been promoted. An African American inspector Michelle Williams and white female inspector Megan Adams moved on more that one occasion and had their telephone installation paid by USDA. On August 5, 2004, I filed an additional EEO complaint denying my promotion and telephone installation due to further discrimination and retaliation for *prior* EEO activity.

f) In July 2004, I met with Dr. Goldentyer and USDA, Attorney Maria Schmit at a mediation meeting in Miami that I requested. This meeting was to mediate my initial EEO complaints. However, I soon found out that I was there for another reason. Dr. Goldentyer and Ms. Schmit wanted me to settle all my EEO complaints in return not to be issued a 14 day suspension for alleged improper conduct nearly 3 years prior. I refused to settle with USDA because there were stipulations which I would have to admit to guilt and acquire extra training. On July 27, 2004 I received a proposed 14 day suspension from the RMSES investigation dated June 2002. My attorney John Mahoney filed a motion to include this 14 day suspension of inappropriate conduct with the previous EEO complaints.

The EEOC Case number for all above EEO complaints is 150-2004-00511X. The USDA Case numbers for the above EEO complaints filed are under #03022, #030683 and #040038. Judge Rodriguez, EEOC,,Miami Distict office refused to allow the additional complaints below. Judge Rodriguez refused to allow me a fair opportunity to discover the necessary evidence to proceed to a fair EEOC hearing. On May 19, 2005, my attorney John Mahoney filed a notice to withdraw EEOC hearing and proceed to US District Court on all pending EEO complaints.

g) On March 11, 2005, I send a letter to USDA, OCR, ECD, and Intake Branch by fax 202-720-8046, to amend to the previous EEO complaint #050027, which was stated, is in the process of investigation. On July 29, 2004, I found out that I was being investigated by RMES for outside employment initiated again by Dr. Goldentyer. I was given a letter by Dr. Goldentyer which limited my outside employment while other female inspectors are allowed to do similar work that is not a conflict of interest. Again, I feel Dr. Goldentyer has discriminated against me with retaliation due to filing previous EEO complaints.

h) On January 7, 2005, I received another 14 day suspension without pay for improper conduct. I was accused of using vulgar language during a telephone conversation with RMSES Director Marjorie Bolten. No investigation was initiated by Dr. Goldentyer, she again sided with the female Director Ms. Bolten. It is apparent that Ms. Bolten is embarrassed how her agency conducted the bias RMSES investigation against me, taking over 2 years to complete. My written request to investigate Dr. Goldentyers illegal prearrangements and orders not to cite violations and make an inspection report were refused by Ms. Bolten's RMSES agency. Licensee Dr. Richard Miller caused a hostile environment with inspector Dr. Mary Moore and I during an attempted refusal inspection without an enforcement issued by Dr. Goldentyer to Dr. Miller. Again, I feel Dr. Goldentyer and Ms. Bolten retaliated against me due to filing previous EEO complaints.

i) On February 7, 2005, Assistant Director Kay Carter-Corker arrived at my home office with two armed uniform Cape Coral Officers and one armed detective to confiscate my government computer. My children were petrified and I was shaken. Until this day I have not received any discipline for any misuse of my government computer. I filed a federal whistleblower with my personal computer several weeks before Dr. Carter-Corker's visit. The whistleblower stated that Animal Care was failing to enforce the Animal Welfare Act regulations. Dr. Carter-Corker is in charge of issuing enforcement to licensees who violate the AWA. Again, management has retaliated against me for filing previous EEO complaints. It is evident that Dr. Carter-Corker is showing retaliatory behavior due to my whistleblower against her and the USDA, APHIS, Animal Care management. An ongoing audit is currently taking place by the USDA, OIG, due to the lack of enforcement issued to violators of the Animal Welfare Act at the Eastern Regional Office since Dr. Kay Carter-Corker became the Eastern Regional Assistant Director in 2002.

5) The facts surrounding my claims of employment discrimination and retaliation are based the three Report of Investigations by EEOC, which include my affidavits, witness affidavits and statements. The 2004 RMSES investigation. In 2005, attorney John Mahoney acquired depositions during discovery on Dr. Gaj, Dr. Goldentyer and Dr. Kay Carter-Corker in reference to my previous EEO complaints. Medical records are available to show the physical and mental stress USDA management has caused due to continuous discrimination, retaliation, and harassment.

If relief is not granted, I will be irreparable denied right secured by Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, cost, and attorney's fees to include:

a) Expunge the letter from all files written by Dr. Gregory Gaj, which made statements that threatened my job and alleged inappropriate conduct.
b) Expunge both 14 day suspensions from all files. Pay back pay, benefits, and interest for both 14 day suspensions,
c) Promotion to the GS-9 at the appropriate step, to include back pay, benefits and interest starting.
d) Pay all attorney fees in relation to all EEOC complaints filed to include the 2nd 14 day suspension for alleged improper conduct.
e) Pay proven compensatory damages in the appropriate amount requested.

I am formally requesting the Court to allow me a trial by jury.

*Richard Botelho Jr. - pro se*
Richard Botelho Jr.
PO Box 151549
Cape Coral, FL 33915
(239-573-6767)